# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOHN J. THARP, JR. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 0930 | **DATE** | 2/20/2013 |
| **CASE TITLE** | Radsheen W. Shepherd (#R-12862) vs. Sheriff Tom Dart | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court authorizes and orders the trust fund officer at the plaintiff's place of incarceration to deduct $22.47 from the plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. However, summonses shall not issue at this time. The court dismisses the complaint on file without prejudice. The plaintiff is granted thirty days in which to submit an amended complaint (plus a judge's copy and service copies). Failure to submit an amended complaint within thirty days of the date of this order will result in summary dismissal of this case. The clerk is directed to: (1) send a copy of this order to the trust fund officer at the Robinson Correctional Center; and (2) provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

■ **[For further details see text below.]**　　　　　　　　　　　　　　　　　**Docketing to mail notices.**

## STATEMENT

　　The plaintiff, currently an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendant, the Cook County Sheriff, violated the plaintiff's constitutional rights by subjecting him to inhumane conditions of confinement. More specifically, the plaintiff alleges that upon his arrival at the jail, he spent five days in an "abandoned" building that lacked electricity, running water, and ventilation, and that was infested with mice and cockroaches.

　　The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $22.47. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall
**(CONTINUED)**

mjm

be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff wherever he may be transferred.

However, the plaintiff must submit an amended complaint, as the document on file fails to state a claim of constitutional magnitude. This is one of many complaints filed by detainees who have been housed for short periods in "Division 3" at the Cook County Jail and there seems to be a myth circulating at the jail that inmates who are assigned to Division 3 are entitled to collect damages in federal court because the building is "abandoned" or "condemned." But these labels do not establish a constitutional claim. Certainly, incarcerated persons are entitled to confinement under humane conditions that satisfy "basic human needs." *Rice ex rel. Rice v. Correctional Medical Services*, 675 F.3d 650, 664 (7th Cir. 2012) (citations omitted). The Due Process Clause prohibits conditions that amount to "punishment" of a pretrial detainee. *Bell v. Wolfish*, 441 U.S. 520,535 (1979); *Lewis v. Downey*, 581 F.3d 467, 473 (7th Cir. 2009). Nevertheless, punishment in the constitutional sense requires something more than routine discomfort. *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981); *Granville v. Dart*, No. 09 C 2070, 2011 WL 892751, *5 (N.D. Ill. Mar. 11, 2011) (Leinenweber, J.). Punishment generally requires allegations of extreme deprivations over an extended period of time. *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992); *Bell* at 542; *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999); *Johnson v. Bryant*, No. 11 C 5785, 2011 WL 5118415, *2 (N.D. Ill. Oct. 26, 2011) (Holderman, J.).

The complaint here fails to state a plausible claim that the plaintiff has been deprived of conditions that satisfy basic human needs. Even though the conditions described are unfortunate and unacceptable, the court discerns no viable constitutional claim, particularly based on the brief period endured. To begin, the claims are literally inconsistent. The building cannot both be "abandoned" and occupied by detainees. The complaint indicates that the building is "running on a generator," but also that there was no electricity at all. In addition, while some of the conditions described could, in theory, rise to the level of a constitutional claim, the complaint lacks allegations that would make such a claim colorable. The complaint indicates broadly that there was no running water, for example, but does not indicate whether that was the case for the entire period that the plaintiff was in the building. Similarly, the complaint states that there were mice and roaches running around the cell, but does not provide any basis to conclude that the degree of infestation was such as to create a constitutional claim.

For the foregoing reasons, the court dismisses the complaint on file without prejudice. The plaintiff is granted thirty days in which to submit an amended complaint on the court's required form, if he believes he can articulate a constitutional violation. The plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, the plaintiff must provide an extra copy for the judge; he must also submit a service copy for each defendant named in the amended complaint. The plaintiff is cautioned that an amended pleading supersedes the **(CONTINUED)**

| **STATEMENT (continued)** |
|---|

original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits the plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. The plaintiff is advised to keep a copy for his files.

      The clerk will provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If the plaintiff fails to comply within thirty days, the case will be summarily dismissed.